UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
J.D. SALINGER, individually, and as
TRUSTEE OF THE J.D. SALINGER
LITERARY TRUST,

          Plaintiff,

      -against-

JOHN DOE, writing under the name JOHN
DAVID CALIFORNIA; WINDUPBIRD
PUBLISHING LTD.; NICOTEXT A.B.; and
ABP, INC/ d/b/a SCB DISTRUBUTORS, INC.,

          Defendants.
------------------------------------------------------------X

09 Civ. 05095 (DAB)

**DECLARATION OF**
**EDWARD H. ROSENTHAL**

I, Edward H. Rosenthal, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a member of Frankfurt Kurnit Klein & Selz, P.C., the attorneys for defendants John Doe (whose actual name is Fredrik Colting), writing under the name John David California; Windupbird Publishing Ltd., Nicotext A.B., and ABP, Inc. d/b/a SCB Distributors, Inc. ("Defendants") in the above-captioned action. I submit this declaration in support of Defendants' opposition to Plaintiff's application for a preliminary injunction.

2. The issues presented by this case are ones that have great significance for the public and the media. In 2001, Suntrust Bank (the trustee of the Mitchell Trust which holds the copyright in *Gone With the Wind*) ("Suntrust") brought a copyright claim against Houghton Mifflin Company, the publisher of *The Wind Done Gone,* written by Alice Randall. In that case, the district court, after a hearing, granted Suntrust's motion and enjoined publication of the allegedly infringing book. *Suntrust Bank v. Houghton Mifflin Co.*, 136 F. Supp. 2d 1357 (N.D. Ga. 2001). The Eleventh Circuit ordered the injunction vacated at oral argument, 252 F.3d 1165 (11th Cir. 2001), and ultimately issued a comprehensive opinion vacating the district court's

judgment, 268 F.3d 1257, 1277 (11th Cir. 2001), on the grounds that the injunction was an unconstitutional prior restraint.

3. After the issuance of the injunction by the district court and before the order was vacated, there was a wide-spread and vocal reaction by the public and the press criticizing the lower court's decision; for example, in an op-ed piece in the New York Times, the injunction was described as "a radical remedy" and "damag[ing] to free speech each day that it stands." A true and correct copy of *Gone With The First Amendment*, N.Y. TIMES, May 1, 2001 is attached hereto as Exhibit A.

4. In connection with the appeal of that case to the Eleventh Circuit, amici briefs in support of the publisher's position seeking reversal of the decision below were submitted by numerous media companies and advocates for First Amendment protections.

5. Attached hereto as Exhibit B is a true and correct copy of the Amici Curiae Brief of The New York Times Company, Dow Jones & Company, Inc., The Tribune Company, Media General, Inc., Cable News Network LP, LLLP, and Cox Enterprises, Inc. In Support Of Defendant/Appellant, Houghton Mifflin Company, For Reversal, served on May 14, 2001, in *Suntrust Bank v. Houghton Mifflin Co.*, Case No. 01-122-00-HH (11th Cir.).

6. Attached hereto as Exhibit C is a true and correct copy of the Brief Of Microsoft Corporation As Amicus Curiae In Support Of Appellant Recommending Reversal served on May 14, 2001, in *Suntrust Bank v. Houghton Mifflin Co.*, Case No. 01-122-00-HH (11th Cir.).

7. Attached hereto as Exhibit D is a true and correct copy of the Brief of Pen American Center, American Booksellers Foundation For Freedom Of Expression, Freedom To Read Foundation, Washington Lawyers' For The Arts, The First Amendment Project, And The National Coalition Against Censorship, As Amici Curiae In Support Of Appellants Seeking

Reversal Of The Decision Below served on May 9, 2001, in *Suntrust Bank v. Houghton Mifflin Co.*, Case No. 01-122-00-HH (11th Cir.).

8. Attached hereto as Exhibit E are true and correct copies of the following news articles about J.D. Salinger and his writings and lawsuits:

- Polly Morrice, *Descended From Salinger*, N.Y. TIMES, Mar. 23, 2008.
- David Usborne, *Catcher In The Rye: The Sequel (or why JD Salinger is heading for the courts)*, INDEPENDENT (UK), June 3, 2009.
- Louis Menand, *Holden At Fifty: "The Catcher In The Rye" and What It Spawned*, NEW YORKER, Oct. 1, 2001.
- Nancy Mills, *Beholden to Caulfield*, N.Y. DAILY NEWS, Sept. 1, 2002.
- Ben McIntyre, *One Delusional Reader Misread A Great Book And Killed A Great Man*, TIMES U.K., Dec. 10, 2005.
- R.Z. Sheppard et al., *Trespassers Will Be Prosecuted: In Search of J.D. Salinger by Ian Hamilton*, TIME, May 23, 1988.
- Daniel Okrent, *Imaginary Baseball*, N.Y. TIMES, July 25, 1982.
- Ron Rosenbaum, *Save the Salinger Archives!*, SLATE.COM, June 5, 2009.
- Myles Weber, *Reading Salinger's Silence*, NEW ENGLAND REVIEW, Jan. 1, 2005.
- *Gone With The First Amendment*, N.Y. TIMES, May 1, 2001.
- Brigid Delaney, *J.D. Salinger, It's Time To Let Your Baby Go*, THE AGE, June 12, 2009.

9. Attached hereto as Exhibit F is a true and correct excerpt from PAUL ALEXANDER, SALINGER: A BIOGRAPHY 63-77; 175-178; 277-303 (St. Martin's Griffin 1999).

10. Attached as Exhibit G are true and correct copies of the following news articles concerning the filing of the instant case by Salinger:

- Binoy Kampmark, *When Copyright Is Specious: Salinger and The Catcher*, SCOOP INDEPENDENT NEWS, June 4, 2009.
- Nick Gillespie, *If A Body Catch A Body Comin' Through The Rye, Please Sue Him...*, REASON ONLINE, June 9, 2009.
- Morely Walker, *It's Well Past Time For Salinger To Chill Out*, WINNIPEG FREE PRESS, June 13, 2009.
- Vickie Karp, *Third Screen: J.D. Salinger Sues*, THE HUFFINGTON POST, June 2, 2009.

- Tom Sutcliffe, *The Captured Imagination*, THE INDEPENDENT, June 5, 2009.
- Brigid Delaney, *J.D. Salinger, It's Time To Let Your Baby Go*, THE AGE, June 12, 2009.
- *New Terminator Movie Brings J.D. Salinger Out Of Hiding*, THE ONION, June 8, 2009.

Dated: New York, New York
      June 15, 2009

                                                */s/ Edward H. Rosenthal*
                                                EDWARD H. ROSENTHAL