UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------- x

J.D. Salinger, individually and as
Trustee of the J.D. Salinger Literary Trust,    :    09 Civ. 05095 (DAB)

                Plaintiff,    :    ECF Case

      - against -    :    **NOTICE OF PLAINTIFF'S**
*IN LIMINE* **MOTION**
JOHN DOE, writing under the name JOHN    :
DAVID CALIFORNIA; WINDUPBIRD
PUBLISHING LTD.; NICOTEXT A.B.; and    :
ABP, INC. d/b/a SCB Distributors Inc.,

            Defendants.    :
-------------------------------------------------------- x

**PLEASE TAKE NOTICE** that, upon the plaintiff's *In Limine* Motion to Strike Certain Exhibits and Expert Declarations, the accompanying memorandum of law and all pleadings and proceedings heretofore had herein, plaintiff will move before the Honorable Deborah A. Batts, United States District Judge, Southern District of New York, at the hearing on plaintiffs' application for a preliminary injunction in the above-captioned action, for an order striking Exhibits A, B, C and D and paragraphs 2 through 7 of the Declaration of Edward H. Rosenthal, dated June 15, 2009; and the Declarations of Robert Spoo, dated June 15, 2009, Sara Nelson, dated June 15, 2009, and Lukas Ortiz, dated June 14, 2009, each in their entirety.

Dated: New York, New York
       June 17, 2009

                                Respectfully submitted,

                                DAVIS WRIGHT TREMAINE LLP

                                By: /s/ Marcia B. Paul
                                Marcia B. Paul (MBP 8427)

                                1633 Broadway
                                New York, New York 10019-6708
                                Phone (212) 489-8230
                                Fax (212) 489-8340
                                marciapaul@dwt.com

                                *Attorneys for Plaintiff*
                                *J.D. Salinger*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------- x

J.D. Salinger, individually and as
Trustee of the J.D. Salinger Literary Trust,

        Plaintiff,

- against -

JOHN DOE, writing under the name JOHN
DAVID CALIFORNIA; WINDUPBIRD
PUBLISHING LTD.; NICOTEXT A.B.; and
ABP, INC. d/b/a SCB Distributors Inc.,

        Defendants.

------------------------------------------------------------- x

09 Civ. 05095 (DAB)

ECF Case

**PLAINTIFF'S *IN LIMINE* MOTION TO STRIKE CERTAIN EXHIBITS AND EXPERT DECLARATIONS**

Plaintiff J.D. Salinger, individually and as Trustee of the J.D. Salinger Literary Trust ("Salinger") by his undersigned attorneys, Davis Wright Tremaine LLP, respectfully submits this *in limine motion* to strike certain exhibits and expert declarations that were submitted by defendants in opposition to plaintiff's motion for preliminary injunction, returnable June 17, 2009 before this Court.

### A. Defendants' Exhibits Containing Amicus Briefs from a Different Litigation, Filed Without Leave of Court and Without Permission from Amici, Should Be Stricken from the Record

In this Circuit, a party must seek leave of the Court to submit an amicus curiae brief. Federal Rule of Appellate Procedure 29(a) provides that an amicus curiae "may file a brief only be leave of court or if the brief states that all parties have consented to its filing." A motion seeking leave to file must be accompanied by the proposed brief and state the movant's interest and the reasons why an amicus brief is desirable and why the matters asserted are relevant to the disposition in the case. FRAP 29(b). Similarly, "Federal courts have discretion to permit participation of *amici*." *Strougo v. Scuder, Stevens & Clark, Inc.*, No 96 CIV 2136, 1997 WL 473566 (S.D.N.Y. Aug. 18, 1997) (citations omitted).

Here, defendants submitted three amici briefs without seeking the Court's leave to do so. Annexed to the Declaration of Edward H. Rosenthal dated June 15, 2009 ("Rosenthal Decl.") as Exhibits B, C and D are copies of amici curiae briefs that were submitted in support of the defendant in *Suntrust Bank v. Houghton Mifflin Co.*, Case No. 01-122-00-HH (11th Cir.). These briefs were prepared for a different litigation, with entirely different facts and parties. Moreover, Mr. Rosenthal does not indicate or even suggest that defendants obtained permission from the *amici* themselves to submit the briefs in this litigation, or that the amici support the defendants' position in this action.

In addition, paragraphs 2 through and including 7 of the Rosenthal Decl. and Ex. A are nothing other than a misplaced attempt to intimidate this Court by discussing and illustrating supposed "media reaction" to the lower court decision in *Suntrust*. These paragraphs and exhibit are wholly irrelevant.

For all these reasons, Exhibits A, B, C and D and paragraphs 2 through 7 of the Rosenthal Decl. should be stricken from the record.

### B. The Declarations of Robert Spoo, Sara Nelson and Lukas Ortiz Offering Expert Opinions Should Be Stricken

Although not styled as expert opinions, the declarations of Robert Spoo, Sara Nelson and Lukas Ortiz submitted in support of defendants' opposition to plaintiff's application for a preliminary injunction offer opinion evidence by non-fact witnesses and are therefore clearly efforts to submit expert testimony for the Court's consideration. Professor Spoo's declaration contains inadmissible testimony regarding substantial similarity and the supposed "transformative" nature of the infringing work at issue which are legal issues to be resolved by this Court. Further, neither Ms. Nelson nor Mr. Ortiz have submitted evidence qualifying them

to testify as experts on the topics about which they opine. As a result, their testimony should be stricken, as well.

1.  **Robert Spoo Offers Inadmissible Expert Testimony**

Robert Spoo, a tenured Associate Professor of Law at the University of Tulsa College of Law, opines as to whether substantial similarity exists between *Catcher in the Rye* ("Catcher") by plaintiff, and *60 Years Later: Coming Through the Rye* (the "Sequel") by defendant Fredrik Colting. Professor Spoo states that the Sequel narrates a different set of events from those in Catcher, (Spoo Decl. ¶ 4); that the events and plot elements of the two novels are different, (*id.* at ¶ 6); and that he believes the general approach to narrative and structure to be different in the Sequel than in Catcher. (Id. at ¶ 9)

Expert testimony opining on substantial similarity is inadmissible. *See Shine v. Childs*, 382 F. Supp. 2d 602, 614 (S.D.N.Y. 2005) ("the Second Circuit has long held that substantial similarity should be determined not with the help of or solely by experts in the relevant field but from the perspective of the ordinary juror."); *U.S. v. Scop*, 846 F.2d 135, 139 (2d Cir. 1988) (error not to exclude expert's testimony stating ultimate legal conclusions). Accordingly, the portions of Professor Spoo's declaration discussing substantial similarity are inadmissible and should be stricken from the record, and not considered by the Court on this motion.

2.  **Sara Nelson and Lukas Ortiz Are Not Qualified to Offer Expert Opinions**

Under Federal Rule of Evidence Rule 702, a witness qualified as an expert "by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or date, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

In her declaration, Sara Nelson attempts to characterize herself as an expert in the publishing industry, and offers her opinion that the Sequel "will have no detrimental impact on sales of *Catcher*" (Declaration of Sara Nelson, ¶ 6) and "will not adversely affect the sales of any future sequel of Catcher" (*id.* at ¶ 8). In support of her credentials to so opine, she states that she currently writes a column for the website thedailybeast.com, previously worked as a columnist for the New York Post, and wrote reviews for *Glamour* magazine and the *Chicago Tribune*. In addition, she spent four years as the editor in chief of *Publishers Weekly*. Thus, she is by profession a reporter and editor. Her declaration is void of any description of her knowledge, skill, experience, training, or education in the ability to estimate future book sales. She provides no information about having ever estimated book sales in the past, or having been relied upon by others to do so. She does not provide any methods or principles on which she has previously estimated sales, much less how she applied those methods to the facts of this case. As a result, she does not qualify as an expert, and should not be permitted to offer opinion testimony.

Similarly, Lukas Ortiz is not qualified to offer his expert opinion. Like Nelson, Ortiz claims to be an expert in the publishing industry, based upon his eight years working for a small literary agency located in East Hampton. (Declaration of Lukas Ortiz at ¶ 1) He himself is not an agent, but rather a "literary manager of domestic and foreign rights", who claims to have negotiated publishing agreements. *Id.* He offers his opinion that the Sequel "will not be perceived by the public as a sequel to *Catcher*" (*id.* at ¶ 5); will not be a commercial success as it appeals to a much narrower audience than a sequel would (*id.* at ¶ 6); and will renew interest in *Catcher* (*id.* at ¶ 7). Ortiz does not explain how his eight and a half years of experience as a manager of literary rights provides him with the expertise to know how the public will perceive *Catcher*, or the likelihood of the Sequel's commercial success. His declaration does not contain

testimony as to any other knowledge, skill, training or education that he possesses that could form the basis of his opinion regarding public perception or commercial success of books. Nor does he disclose any method or principles he used to arrive at his opinions. Accordingly, he cannot qualify as an expert and his declaration should be stricken from the record.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully asks this Court to strike the Exhibits A, B, C and D and paragraphs 2 through 7 of the Declaration of Edward H. Rosenthal as well as the Declarations of Robert Spoo, Sara Nelson and Lukas Ortiz in their entirety.

Dated: New York, New York
      June 17, 2009

                                  Respectfully submitted,

                                  DAVIS WRIGHT TREMAINE LLP

                                  By: *Marcia Paul*
                                       Marcia B. Paul (MBP 8427)

                                  1633 Broadway
                                  New York, New York 10019-6708
                                  Phone (212) 489-8230
                                  Fax (212) 489-8340
                                  marciapaul@dwt.com

                                  *Attorneys for Plaintiff*
                                  *J.D. Salinger*