FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal (EH-8022)
Maura J. Wogan (MW-9589)
Jessie F. Beeber (JB-3129)
Cameron A. Myler (CM-7942)
488 Madison Avenue, 10th Floor
New York, New York  10022
Tel: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendants*
*Fredrik Colting, writing under the name John*
*David California, Windupbird Publishing Ltd.,*
*Nicotext A.B and ABP, Inc. d/b/a*
*SCB Distributors, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

|  |  |  |
|---|---|---|
| J.D. SALINGER, individually, and as TRUSTEE OF THE J.D. SALINGER LITERARY TRUST, | : : : : | 09 Civ. 05095 (DAB) |
|  | : |  |
| Plaintiff, | : | **ANSWER** |
|  | : |  |
| -against- | : : |  |
|  | : |  |
| FREDRIK COLTING, writing under the name JOHN DAVID CALIFORNIA; WINDUPBIRD PUBLISHING LTD.; NICOTEXT A.B.; and ABP, INC/ d/b/a SCB DISTRIBUTORS, INC., | : : : : : | **DEFENDANTS DEMAND A TRIAL BY JURY** |
|  | : |  |
| Defendants. | : |  |

-----------------------------------------------------------X

Defendants Fredrik Colting ("Colting"), writing under the name John David California,

Windupbird Publishing, Ltd. ("Windupbird"), Nicotext A.B. ("Nicotext"), and ABP, Inc. d/b/a

SCB Distributors, Inc. ("SCB") (collectively, "Defendants") by their attorneys, Frankfurt Kurnit

Klein & Selz, P.C., as and for their answer to the complaint filed by plaintiff J.D. Salinger

("Salinger" or "Plaintiff") on or about June 1, 2009 (the "Complaint"), state as follows:

## NATURE OF THE ACTION

1.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 1 of the Complaint, except admit that: Colting is the author of *60 Years Later: Coming Through the Rye* ("*60YL*") and that *60YL* was published by Windupbird, and deny: that *60YL* is an unauthorized sequel; that *60YL* was published by Nicotext; and that *60YL* infringes Salinger's alleged copyright rights in his novel *The Catcher in the Rye* ("*CITR*") or his character Holden Caulfield ("Holden").

2.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 2 of the Complaint, except refer to the articles cited therein for proof of the contents thereof.

3.      Deny the allegations in paragraph 3 of the Complaint.

4.      Deny the allegations in paragraph 4 of the Complaint, except refer to *CITR* for proof of the contents thereof.

5.      Deny the allegations in paragraph 5 of the Complaint, except deny knowledge or information sufficient to form a belief with respect to the allegations in the first and third sentences of paragraph 5 of the Complaint and refer to the articles cited therein for proof of the contents thereof.

6.      Deny the allegations in paragraph 6 of the Complaint, except admit that the Complaint purports to seek preliminary and permanent injunctive relief from the Court.

## JURISDICTION AND VENUE

7.      State that paragraph 7 of the Complaint sets forth a legal conclusion as to which no response is required.

8.    State that paragraph 8 of the Complaint sets forth a legal conclusion as to which no response is required.

9.    State that paragraph 9 of the Complaint sets forth a legal conclusion as to which no response is required.

10.    State that paragraph 10 of the Complaint sets forth a legal conclusion as to which no response is required, except deny that Defendants have committed any tortious or other improper acts in this State or that any acts of Defendants have caused harm to the Plaintiff or the public.

## THE PARTIES

11.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 11 of the Complaint.

12.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 12 of the Complaint, except refer to the articles cited therein for proof of the contents thereof and admit that Colting, who is the author of *60YL*, is a citizen and resident of Sweden, wrote *60YL* under the pseudonym John David California and made certain statements to the press.

13.    Deny the allegations in paragraph 13 of the Complaint, except admit that Windupbird is the publisher of *60YL* and has a business address of 22 Notting Hill Gate, Suite 389 W11 3JE London, United Kingdom, and refer to *60YL* for proof of the contents thereof.

14.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 14 of the Complaint, except refer to the websites and correspondence cited therein for proof of the contents thereof and admit that Colting is a principal of Nicotext

and that Nicotext has a place of business in Boras, Sweden and deny that Nicotext is a publisher of *60YL*.

15.     Deny the allegations in paragraph 15 of the Complaint, except refer to the website cited therein for proof of the contents thereof and admit: that SCB is the United States distributor for *60YL*; that prior to the Court's injunction SCB was accepting pre-orders for *60YL*; and planned to commence distribution of *60YL* in the United States no later than September 15, 2009, and deny that SCB is an agent of Nicotext.

### FACTUAL BACKGROUND

16.     Deny the allegations in paragraph 16 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

17.     Deny the allegations in paragraph 17 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

18.     Deny the allegations in paragraph 18 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

19.     Deny the allegations in paragraph 19 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to the article cited therein and *CITR* for proof of the contents thereof.

20.     Deny the allegations in paragraph 20 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

21.     Deny the allegations in paragraph 21 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

22.     Deny the allegations in paragraph 22 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

23.    Deny the allegations in paragraph 23 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

24.    Deny the allegations in paragraph 24 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof, and deny knowledge or information sufficient to form a belief with respect to the allegations in the first sentence of paragraph 24 of the Complaint.

25.    Deny the allegations in paragraph 25 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

26.    Deny the allegations in paragraph 26 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

27.    Deny the allegations in paragraph 27 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

28.    Deny the allegations in paragraph 28 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof and deny knowledge or information sufficient to form a belief with respect to whether Holden is "one of the most recognized characters in American literature."

29.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 29 of the Complaint.

30.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 30 of the Complaint.

31.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 31 of the Complaint, except refer to the articles cited therein for proof of the contents thereof.

32.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 32 of the Complaint, except refer to the articles cited therein for proof of the contents thereof.

33.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 33 of the Complaint.

34.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 34 of the Complaint, except refer to the reviews referred to therein for proof of the contents thereof.

35.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 35 of the Complaint, except refer to the articles cited therein for proof of the contents thereof.

36.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 36 of the Complaint.

37.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 37 of the Complaint.

38.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 38 of the Complaint.

39.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 39 of the Complaint.

40.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 40 of the Complaint.

41.      Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 41 of the Complaint.

42.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 42 of the Complaint, except refer to the copyright registration cited therein for proof of the contents thereof.

43.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 43 of the Complaint, except refer to the copyright renewal cited therein for proof of the contents thereof.

44.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 44 of the Complaint, except refer to the copyright assignment cited therein for proof of the contents thereof.

45.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 45 of the Complaint.

46.    Deny the allegations in paragraph 46 of the Complaint.

47.    Deny the allegations in paragraph 47 of the Complaint, except refer to *60YL* for proof of the contents thereof.

48.    Deny the allegations in paragraph 48 of the Complaint, except refer to the article cited therein and *60YL* for proof of the contents thereof.

49.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 49 of the Complaint, except deny that *60YL* is a sequel.

50.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 50 of the Complaint, except refer to the correspondence cited therein for proof of the contents thereof and deny that *60YL* is a sequel.

51.    Deny the allegations in paragraph 51 of the Complaint, except aver that Defendants have the legal right to publish and distribute *60YL* in the United States, but are not

currently doing so due to the injunction issued by the Court on July 1, 2009, and deny that *60YL*
is a sequel.

      52.    Deny knowledge or information sufficient to form a belief with respect to the
allegations in paragraph 52 of the Complaint.

      53.    Deny knowledge or information sufficient to form a belief with respect to the
allegations in paragraph 53 of the Complaint, except refer to the correspondence cited therein for
proof of the contents thereof and deny that *60YL* is a sequel.

      54.    Deny the allegations in paragraph 54 of the Complaint, except refer to *60YL* for
proof of the contents thereof.

      55.    Deny the allegations in paragraph 55 of the Complaint, which consist of
incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

      56.    Deny the allegations in paragraph 56 of the Complaint, which consist of
incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

      57.    Deny the allegations in paragraph 57 of the Complaint, which consist of
incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

      58.    Deny the allegations in paragraph 58 of the Complaint, which consist of
incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

      59.    Deny the allegations in paragraph 59 of the Complaint, which consist of
incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

      60.    Deny the allegations in paragraph 60 of the Complaint, which consist of
incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

      61.    Deny the allegations in paragraph 61 of the Complaint, which consist of
incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

62.    Deny the allegations in paragraph 62 of the Complaint, which consist of incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

63.    Deny the allegations in paragraph 63 of the Complaint, which consist of incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

64.    Deny the allegations in paragraph 64 of the Complaint.

65.    Deny the allegations in paragraph 65 of the Complaint.

### SALINGER'S FIRST CLAIM FOR RELIEF

### (Alleged Copyright Infringement of the Holden Caulfield Character)

66.    Repeat and incorporate their responses to the allegations of paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 67 of the Complaint.

68.    Deny the allegations of paragraph 68 of the Complaint, except refer to the copyright registration cited therein for proof of the contents thereof.

69.    Admit the allegations of paragraph 69 of the Complaint, except deny that *60YL* is a sequel.

70.    Deny the allegations of paragraph 70 of the Complaint.

71.    Deny the allegations of paragraph 71 of the Complaint.

72.    Deny the allegations of paragraph 72 of the Complaint.

73.    Deny the allegations of paragraph 73 of the Complaint.

74.    Deny the allegations of paragraph 74 of the Complaint.

75.    Deny the allegations of paragraph 75 of the Complaint.

## SALINGER'S SECOND CLAIM FOR RELIEF

### (Alleged Copyright Infringement of Salinger's Exclusive Right to Create Works Derivative of *The Catcher in the Rye*)

76. Repeat and incorporate their responses to the allegations of paragraphs 1 through 75 of the Complaint as if fully set forth herein.

77. Deny the allegations of paragraph 77 of the Complaint.

78. Deny the allegations of paragraph 78 of the Complaint.

79. Deny the allegations of paragraph 79 of the Complaint.

80. Deny the allegations of paragraph 80 of the Complaint.

81. Deny the allegations of paragraph 81 of the Complaint.

82. Deny the allegations of paragraph 82 of the Complaint.

83. Deny the allegations of paragraph 83 of the Complaint.

## SALINGER'S THIRD CLAIM FOR RELIEF

### (Alleged Common Law Unfair Competition)

84. Repeat and incorporate their responses to the allegations of paragraphs 1 through 83 of the Complaint as if fully set forth herein.

85. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 85 of the Complaint.

86. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 86 of the Complaint.

87. Deny the allegations of paragraph 87 of the Complaint.

88. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 88 of the Complaint, except deny that *60YL* is a sequel.

89. Deny the allegations of paragraph 89 of the Complaint.

90.     Deny the allegations of paragraph 90 of the Complaint.

91.     Deny the allegations of paragraph 91 of the Complaint.

92.     Deny the allegations of paragraph 92 of the Complaint.

93.     Deny the allegations of paragraph 93 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

94.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

95.     Salinger's claims for copyright infringement are barred in whole or in part because Salinger's allegedly infringed character, Holden Caulfield, is not sufficiently delineated to be entitled to copyright protection.

### THIRD AFFIRMATIVE DEFENSE

96.     Salinger's claims for copyright infringement are barred in whole or in part because not all elements of Salinger's allegedly infringed work, *CITR*, are entitled to copyright protection.

### FOURTH AFFIRMATIVE DEFENSE

97.     Salinger's claims for copyright infringement are barred in whole or in part because *60YL* is not substantially similar to *CITR*.

### FIFTH AFFIRMATIVE DEFENSE

98.     Salinger's claims for copyright infringement are barred in whole or in part because Defendants' character Mr. C is not substantially similar to Salinger's character, Holden Caulfield.

## SIXTH AFFIRMATIVE DEFENSE

99.    Salinger's claims for copyright infringement are barred in whole or in part because *60YL* is a fair use of *CITR*.

## SEVENTH AFFIRMATIVE DEFENSE

100.    Salinger's claims for copyright infringement are barred in whole or in part because Defendants' character Mr. C is a fair use of Salinger's character, Holden Caulfield.

## EIGHTH AFFIRMATIVE DEFENSE

101.    Salinger's claims for copyright infringement are barred in whole or in part because *60YL* is not an unauthorized derivative work of *CITR*.

## NINTH AFFIRMATIVE DEFENSE

102.    Salinger's claims for copyright infringement and unfair competition are barred in whole or in part because Defendants have not willfully infringed any intellectual property rights owned by Salinger and because Defendants have acted in good faith and without any intention of injuring Salinger.

## TENTH AFFIRMATIVE DEFENSE

103.    Salinger's claim for unfair competition is barred in whole or in part because there is no likelihood that the public will be confused or deceived into believing that *60YL* is a work emanating from Salinger.

## ELEVENTH AFFIRMATIVE DEFENSE

104.    Salinger's claims are barred in whole or in part because he lacks standing and/or capacity to bring this action.

## TWELFTH AFFIRMATIVE DEFENSE

105.    Any grant of the relief requested by Salinger would infringe on Defendants' rights under the First Amendment of the Constitution of the United States of America, and analogous provisions of state constitutional law.

WHEREFORE, judgment should be entered in favor of Defendants and against Salinger, dismissing Salinger's Complaint with prejudice in its entirety, awarding Defendants their costs and attorneys' fees, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 27, 2009

                    Respectfully submitted,

                    FRANKFURT KURNIT KLEIN & SELZ, P.C.

                    By:_____
                          Edward H. Rosenthal (ER-8022)
                          Maura J. Wogan (MW-9589)
                          Jessie F. Beeber (JB-3129)
                          Cameron A. Myler (CM-7942)

                    488 Madison Avenue
                    New York, New York 10022
                    Tel.: (212) 980-0120
                    Fax: (212) 593-9175

                    *Attorneys for Defendants*
                    *Fredrik Colting, writing under the name*
                    *John David California, Windupbird Publishing*
                    *Ltd., Nicotext A.B and ABP, Inc. d/b/a*
                    *SCB Distributors, Inc.*