FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal (EH-8022)
Maura J. Wogan (MW-9589)
Jessie F. Beeber (JB-3129)
Cameron A. Myler (CM-7942)
488 Madison Avenue, 10th Floor
New York, New York 10022
Tel: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendants
Fredrik Colting, writing under the name John
David California, Windupbird Publishing Ltd.,
Nicotext A.B and ABP, Inc. d/b/a
SCB Distributors, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

J.D. SALINGER, individually, and as
TRUSTEE OF THE J.D. SALINGER         :   09 Civ. 05095 (DAB)
LITERARY TRUST,                       :
                                      :
            Plaintiff,                :   **AMENDED ANSWER AND**
                                      :   **COUNTERCLAIM**
    -against-                         :
                                      :
FREDRIK COLTING, writing under the name :  **DEFENDANTS DEMAND**
JOHN DAVID CALIFORNIA; WINDUPBIRD      :  **A TRIAL BY JURY**
PUBLISHING LTD.; NICOTEXT A.B.; and    :
ABP, INC/ d/b/a SCB DISTRIBUTORS, INC., :
                                      :
            Defendants.               :

------------------------------------------------------------X

Defendants Fredrik Colting ("Colting"), writing under the name John David California, Windupbird Publishing, Ltd. ("Windupbird"), Nicotext A.B. ("Nicotext"), and ABP, Inc. d/b/a SCB Distributors, Inc. ("SCB") (collectively, "Defendants") by their attorneys, Frankfurt Kurnit Klein & Selz, P.C., as and for their amended answer to the complaint filed by plaintiff J.D. Salinger ("Salinger" or "Plaintiff") on or about June 1, 2009 (the "Complaint") and counterclaim (the "Amended Answer and Counterclaim"), state as follows:

## NATURE OF THE ACTION

1. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 1 of the Complaint, except admit that: Colting is the author of *60 Years Later: Coming Through the Rye* ("*60YL*") and that *60YL* was published by Windupbird, and deny: that *60YL* is an unauthorized sequel; that *60YL* was published by Nicotext; and that *60YL* infringes Salinger's alleged copyright rights in his novel *The Catcher in the Rye* ("*CITR*") or his character Holden Caulfield ("Holden").

2. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 2 of the Complaint, except refer to the articles cited therein for proof of the contents thereof.

3. Deny the allegations in paragraph 3 of the Complaint.

4. Deny the allegations in paragraph 4 of the Complaint, except refer to *CITR* for proof of the contents thereof.

5. Deny the allegations in paragraph 5 of the Complaint, except deny knowledge or information sufficient to form a belief with respect to the allegations in the first and third sentences of paragraph 5 of the Complaint and refer to the articles cited therein for proof of the contents thereof.

6. Deny the allegations in paragraph 6 of the Complaint, except admit that the Complaint purports to seek preliminary and permanent injunctive relief from the Court.

## JURISDICTION AND VENUE

7. State that paragraph 7 of the Complaint sets forth a legal conclusion as to which no response is required.

8. State that paragraph 8 of the Complaint sets forth a legal conclusion as to which no response is required.

9. State that paragraph 9 of the Complaint sets forth a legal conclusion as to which no response is required, except deny that venue is proper with respect to Nicotext.

10. State that paragraph 10 of the Complaint sets forth a legal conclusion as to which no response is required, except deny that Nicotext is subject to the personal jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) or C.P.L.R. §§ 301 or 302, and deny that any Defendants have committed any tortious or other improper acts in this State or that any acts of Defendants have caused harm to the Plaintiff or the public.

## THE PARTIES

11. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 12 of the Complaint, except refer to the articles cited therein for proof of the contents thereof and admit that Colting, who is the author of *60YL*, is a citizen and resident of Sweden, wrote *60YL* under the pseudonym John David California and made certain statements to the press.

13. Deny the allegations in paragraph 13 of the Complaint, except admit that Windupbird is the publisher of *60YL* and has a business address of 22 Notting Hill Gate, Suite 389 W11 3JE London, United Kingdom, and refer to *60YL* for proof of the contents thereof.

14. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 14 of the Complaint, except refer to the websites and correspondence cited therein for proof of the contents thereof and admit that Colting is a principal of Nicotext

and that Nicotext has a place of business in Boras, Sweden and deny that Nicotext is a publisher of *60YL*.

15. Deny the allegations in paragraph 15 of the Complaint, except refer to the website cited therein for proof of the contents thereof and admit: that SCB is the United States distributor for *60YL*; that prior to the Court's injunction SCB was accepting pre-orders for *60YL*; and planned to commence distribution of *60YL* in the United States no later than September 15, 2009, and deny that SCB is an agent of Nicotext.

## **FACTUAL BACKGROUND**

16. Deny the allegations in paragraph 16 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

17. Deny the allegations in paragraph 17 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

18. Deny the allegations in paragraph 18 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

19. Deny the allegations in paragraph 19 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to the article cited therein and *CITR* for proof of the contents thereof.

20. Deny the allegations in paragraph 20 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

21. Deny the allegations in paragraph 21 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

22. Deny the allegations in paragraph 22 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

23. Deny the allegations in paragraph 23 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

24. Deny the allegations in paragraph 24 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof, and deny knowledge or information sufficient to form a belief with respect to the allegations in the first sentence of paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

26. Deny the allegations in paragraph 26 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

27. Deny the allegations in paragraph 27 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof.

28. Deny the allegations in paragraph 28 of the Complaint, which consist of incomplete generalizations about *CITR*, except refer to *CITR* for proof of the contents thereof and deny knowledge or information sufficient to form a belief with respect to whether Holden is "one of the most recognized characters in American literature."

29. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 31 of the Complaint, except refer to the articles cited therein for proof of the contents thereof.

32. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 32 of the Complaint, except refer to the articles cited therein for proof of the contents thereof.

33. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 34 of the Complaint, except refer to the reviews referred to therein for proof of the contents thereof.

35. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 35 of the Complaint, except refer to the articles cited therein for proof of the contents thereof.

36. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 42 of the Complaint, except refer to the copyright registration cited therein for proof of the contents thereof.

43. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 43 of the Complaint, except refer to the copyright renewal cited therein for proof of the contents thereof.

44. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 44 of the Complaint, except refer to the copyright assignment cited therein for proof of the contents thereof.

45. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 45 of the Complaint.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint, except refer to *60YL* for proof of the contents thereof.

48. Deny the allegations in paragraph 48 of the Complaint, except refer to the article cited therein and *60YL* for proof of the contents thereof.

49. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 49 of the Complaint, except deny that *60YL* is a sequel.

50. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 50 of the Complaint, except refer to the correspondence cited therein for proof of the contents thereof and deny that *60YL* is a sequel.

51. Deny the allegations in paragraph 51 of the Complaint, except aver that Defendants have the legal right to publish and distribute *60YL* in the United States, but are not

currently doing so due to the injunction issued by the Court on July 1, 2009, and deny that *60YL* is a sequel.

52. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 52 of the Complaint.

53. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 53 of the Complaint, except refer to the correspondence cited therein for proof of the contents thereof and deny that *60YL* is a sequel.

54. Deny the allegations in paragraph 54 of the Complaint, except refer to *60YL* for proof of the contents thereof.

55. Deny the allegations in paragraph 55 of the Complaint, which consist of incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

56. Deny the allegations in paragraph 56 of the Complaint, which consist of incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

57. Deny the allegations in paragraph 57 of the Complaint, which consist of incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

58. Deny the allegations in paragraph 58 of the Complaint, which consist of incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

59. Deny the allegations in paragraph 59 of the Complaint, which consist of incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

60. Deny the allegations in paragraph 60 of the Complaint, which consist of incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

61. Deny the allegations in paragraph 61 of the Complaint, which consist of incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

62. Deny the allegations in paragraph 62 of the Complaint, which consist of incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

63. Deny the allegations in paragraph 63 of the Complaint, which consist of incomplete generalizations about *60YL*, except refer to *60YL* for proof of the contents thereof.

64. Deny the allegations in paragraph 64 of the Complaint.

65. Deny the allegations in paragraph 65 of the Complaint.

### SALINGER'S FIRST CLAIM FOR RELIEF
**(Alleged Copyright Infringement of the Holden Caulfield Character)**

66. Repeat and incorporate their responses to the allegations of paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 67 of the Complaint.

68. Deny the allegations of paragraph 68 of the Complaint, except refer to the copyright registration cited therein for proof of the contents thereof.

69. Admit the allegations of paragraph 69 of the Complaint, except deny that *60YL* is a sequel.

70. Deny the allegations of paragraph 70 of the Complaint.

71. Deny the allegations of paragraph 71 of the Complaint.

72. Deny the allegations of paragraph 72 of the Complaint.

73. Deny the allegations of paragraph 73 of the Complaint.

74. Deny the allegations of paragraph 74 of the Complaint.

75. Deny the allegations of paragraph 75 of the Complaint.

## SALINGER'S SECOND CLAIM FOR RELIEF

### (Alleged Copyright Infringement of Salinger's Exclusive Right to Create Works Derivative of *The Catcher in the Rye*)

76. Repeat and incorporate their responses to the allegations of paragraphs 1 through 75 of the Complaint as if fully set forth herein.

77. Deny the allegations of paragraph 77 of the Complaint.

78. Deny the allegations of paragraph 78 of the Complaint.

79. Deny the allegations of paragraph 79 of the Complaint.

80. Deny the allegations of paragraph 80 of the Complaint.

81. Deny the allegations of paragraph 81 of the Complaint.

82. Deny the allegations of paragraph 82 of the Complaint.

83. Deny the allegations of paragraph 83 of the Complaint.

## SALINGER'S THIRD CLAIM FOR RELIEF

### (Alleged Common Law Unfair Competition)

84. Repeat and incorporate their responses to the allegations of paragraphs 1 through 83 of the Complaint as if fully set forth herein.

85. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 85 of the Complaint.

86. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 86 of the Complaint.

87. Deny the allegations of paragraph 87 of the Complaint.

88. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 88 of the Complaint, except deny that *60YL* is a sequel.

89. Deny the allegations of paragraph 89 of the Complaint.

90. Deny the allegations of paragraph 90 of the Complaint.

91. Deny the allegations of paragraph 91 of the Complaint.

92. Deny the allegations of paragraph 92 of the Complaint.

93. Deny the allegations of paragraph 93 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

94. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

95. Salinger's claims for copyright infringement are barred in whole or in part because Salinger's allegedly infringed character, Holden Caulfield, is not sufficiently delineated to be entitled to copyright protection.

**THIRD AFFIRMATIVE DEFENSE**

96. Salinger's claims for copyright infringement are barred in whole or in part because some or all of the elements from *CITR* used in *60YL* are not entitled to copyright protection.

**FOURTH AFFIRMATIVE DEFENSE**

97. Salinger's claims for copyright infringement are barred in whole or in part because *60YL* is not substantially similar to *CITR*.

**FIFTH AFFIRMATIVE DEFENSE**

98. Salinger's claims for copyright infringement are barred in whole or in part because Defendants' character Mr. C is not substantially similar to Salinger's character, Holden Caulfield.

### SIXTH AFFIRMATIVE DEFENSE

99. Salinger's claims for copyright infringement are barred in whole or in part because *60YL* is a fair use of *CITR*.

### SEVENTH AFFIRMATIVE DEFENSE

100. Salinger's claims for copyright infringement are barred in whole or in part because Defendants' character Mr. C is a fair use of Salinger's character, Holden Caulfield.

### EIGHTH AFFIRMATIVE DEFENSE

101. Salinger's claims for copyright infringement are barred in whole or in part because *60YL* is not an unauthorized derivative work of *CITR*.

### NINTH AFFIRMATIVE DEFENSE

102. Salinger's claims for copyright infringement and unfair competition are barred in whole or in part because Defendants have not willfully infringed any intellectual property rights owned by Salinger and because Defendants have acted in good faith and without any intention of injuring Salinger.

### TENTH AFFIRMATIVE DEFENSE

103. Salinger's claim for unfair competition is barred in whole or in part because there is no likelihood that the public will be confused or deceived into believing that *60YL* is a work emanating from Salinger.

### ELEVENTH AFFIRMATIVE DEFENSE

104. Salinger's claim for unfair competition is barred in whole or in part because it is preempted by the federal Copyright Act.

## TWELFTH AFFIRMATIVE DEFENSE

105. Salinger's claims are barred in whole or in part because he lacks standing and/or capacity to bring this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

106. Any grant of the relief requested by Salinger would infringe on Defendants' rights under the First Amendment of the Constitution of the United States of America, and analogous provisions of state constitutional law.

## FOURTEENTH AFFIRMATIVE DEFENSE

107. Salinger's claims are barred in whole or in part because Nicotext is not subject to the personal jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) or C.P.L.R. §§ 301 or 302, and venue is not proper with regard to Nicotext.

## COUNTERCLAIM OF DEFENDANTS COLTING, WINDUPBIRD AND SCB

108. Defendants Colting, Windupbird and SCB by and through their undersigned attorneys, Frankfurt Kurnit Klein & Selz, P.C., as and for their counterclaim against Salinger allege as follows:

109. This counterclaim arises from Salinger's claims that Defendants have infringed Salinger's copyright in and to his book *The Catcher in the Rye* ("*CITR*") and the character Holden Caulfield, and that Defendants' acts constitute common law unfair competition.

## JURISDICTION AND VENUE

110. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and (b) because it arises under the copyright laws of the United States and under 28 U.S.C. § 2201.

111. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400, because a substantial part of the events giving rise to the counterclaim alleged herein occurred in this District.

**PARTIES**

112. Defendant Fredrik Colting is a citizen and resident of Sweden.

113. Defendant Windupbird Publishing Ltd. is a company organized under the laws of the United Kingdom and with its principal place of business in London, England.

114. Defendant ABP, Inc. d/b/a SCB Distributors is a California corporation with its principal place of business in Gardena, California.

115. Upon information and belief, plaintiff Salinger is an individual who resides in New Hampshire.

**FACTS**

116. Colting is the author of *60YL*, which he wrote under the pseudonym "J.D. California."

117. *60YL* was published by Windupbird in the United Kingdom in May 2009 and was scheduled to be published in the United States in the summer of 2009.

118. Salinger claims that *60YL* infringes the copyright in *CITR* as well as in the Holden Caulfield character, and also claims that Defendants have competed unfairly with Salinger by deceiving or confusing the consuming public into believing that *60YL* emanates from Salinger.

119. Defendants deny that *60YL* is substantially similar to *CITR* or that, to the extent that the Holden Caulfield character is entitled to any copyright protection apart from *CITR* as a whole, there has been any infringing use of the Holden Caulfield character.

120. Even if Salinger were able to prove his claims for copyright infringement of *CITR* and/or of the Holden Caulfield character, Defendants have a meritorious fair use defense because

*60YL* comments upon and criticizes *CITR*, Holden Caulfield and the relationship between Salinger and his character.

121. The revised cover for *60YL* that will appear on the book if and when it is published in the United States includes a statement on the back cover which reads: "This critical literary speculation has not been approved, licensed, or endorsed by J.D. Salinger." The word UNAUTHORIZED appears in capital letters on the spine of the book. Nowhere on the cover of the book is *60YL* referred to as a sequel and it will not be marketed as such.

122. *60YL* does not infringe any of Salinger's rights and Defendants' acts do not constitute unfair competition.

## COUNTERCLAIM
### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201)

123. Defendants repeat and reallege each allegation contained in paragraphs 108 through 122 of this Amended Answer and Counterclaim as if fully set forth herein.

124. In his Complaint, Salinger claims that "Defendants have infringed Salinger's exclusive copyright interest in the character Holden Caulfield" and that "Defendants have infringed Salinger's exclusive copyright interest in [*CITR*]."

125. Salinger also claims that "[b]y reason of defendants (i) titling the [book] *60 Years Later: Coming Through The Rye*; (ii) using the pseudonym which appears on the cover of the Sequel as John David California and on each page of the sequel as "J.D. California"; (iii) advertising and marketing [*60YL*] as a sequel to [*CITR*]; (iv) using the Holden Caulfield character and all of this distinctive attributes in [*60YL*] under the name "Mr. C"; (v) trying to inject Salinger's voice into [*60YL*] through isolated use of italicized comments such as "I'm bringing him back. After all of these years I finally decided to bring him back"; defendants have

15

attempted to, and are likely to continue to, deceive and confuse the consuming public into believing that [*60YL*] emanates from Salinger, when in truth and in fact it does not."

126. By virtue of Salinger's Complaint, Defendants have been brought into adversarial conflict with Salinger.

127. By bringing the instant claims against Defendants, Salinger has caused both economic and irreparable harm to Defendants by interfering with Defendants' right to publish *60YL*.

128. A declaratory judgment of this Court is necessary and appropriate at this time so that Plaintiff and Defendants may ascertain their rights and obligations, including whether: 1) Defendants' book *60YL* infringes on Salinger's copyright in *CITR* and/or the Holden Caulfield character and 2) Defendants' acts constitute common law unfair competition.

129. Defendants have no adequate remedy at law.

130. Accordingly, Defendants seek, pursuant to 28 U.S.C. § 2201, a judgment from this Court that Defendants' book *60YL* and character Mr. C do not violate any of Salinger's copyright or other rights, and that Defendants' acts do not constitute common law unfair competition.

## **DEMAND FOR RELIEF**

WHEREFORE, Defendants demands the following relief:

A. That this Court issue a judgment declaring that Defendants' book *60YL* and character Mr. C do not infringe any of Salinger's copyright or other rights, and that Defendants' acts do not constitute common law unfair competition;

B. That this Court issue an order dismissing each of the claims in Plaintiff's Complaint;

C. That Defendants be awarded their reasonable attorneys' fees and costs; and

D. That this Court grant such other and further relief as the Court deems just and equitable.

WHEREFORE, judgment should be entered in favor of Defendants and against Salinger, dismissing Salinger's Complaint with prejudice in its entirety, awarding Defendants their costs and attorneys' fees, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 17, 2009

Respectfully submitted,

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Edward H. Rosenthal (ER-8022)
Maura J. Wogan (MW-9589)
Jessie F. Beeber (JB-3129)
Cameron A. Myler (CM-7942)

488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendants Fredrik Colting,
writing under the name John David California,
Windupbird Publishing Ltd., Nicotext A.B and ABP,
Inc. d/b/a SCB Distributors, Inc.*