UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
J.D. SALINGER, individually, and as      :
TRUSTEE OF THE J.D. SALINGER       :      09 Civ. 05095 (DAB)
L1TERARY TRUST,                       :
                                 :
     Plaintiff,                   :
                                 :
        -against-          :
                               :      REPLY TO COUNTERCLAIM
FREDRIK COLTING, writing under the name :
JOHN DAVID CALIFORNIA; WINDUPBIRD  :
PUBLISHING LTD.; NICOTEXT A.B.; and   :
ABP, INC. d/b/a SCB DISTRIBUTORS, INC.,  :
                               :
     Defendants.                :
------------------------------------------------------------X

Plaintiff J.D. Salinger ("Salinger"), by his attorneys, Davis Wright Tremaine LLP, as and

for his reply to the August 17, 2009 counterclaim ("Counterclaim") of defendants Fredrik

Colting, writing under the name John David California, Windupbird Publishing Ltd. and ABP,

Inc. d/b/a SCB Distributors, Inc. ("Counter-Defendants"), respectfully alleges as follows:

**COUNTERCLAIM OF DEFENDANTS COLTING, WINDUPBIRD AND SCB**

108.  To the extent that the allegations of paragraph 108 are deemed to be allegations of

law, plaintiff is not required to plead thereto; to the extent the allegations of the said paragraph

are deemed to be allegations of fact, denies each and every allegation thereof.

109.  To the extent that the allegations of paragraph 109 are deemed to be allegations of

law, plaintiff is not required to plead thereto; to the extent the allegations of the said paragraph

are deemed to be allegations of fact, admits that Counter-Defendants have infringed Salinger's

copyright in the *Catcher In The Rye* and the character Holden Caulfield and that Counter-

Dockets.Justia.com

Defendants have engaged in common law unfair competition, and denies that the counterclaim "arises" therefrom.

## JURISDICTION AND VENUE

110. To the extent that the allegations of paragraph 110 are deemed to be allegations of law, plaintiff is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

111. To the extent that the allegations of paragraph 111 are deemed to be allegations of law, plaintiff is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## PARTIES

112. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 112.

113. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 113.

114. Admits, upon information and belief, the allegations of paragraph 114.

115. Admits the allegations of paragraph 115.

## FACTS

116. Admits, upon information and belief, that Colting is the author of the Sequel under the pseudonym J.D. California, which Counter-Defendants published.

117. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 117.

118. Denies each and every allegation of paragraph 118, except refers to the Complaint for a full and complete recitation of the contents thereof.

DWT 13347728v1 0062258-000006

119.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 119, except refers to the Answer for a full and complete recitation of the contents thereof.

120.  To the extent the allegations of 120 are deemed to be allegations of law, plaintiff is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

121.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 121.

122.  To the extent the allegations of paragraph 122 are deemed to be allegations of law, plaintiff is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## <u>COUNTERCLAIM</u>

123.    For his answer to paragraph 123, repeats and realleges his responses set forth in paragraphs 108 through and including 122 hereinabove, as if the same were fully set forth herein.

124.  Denies each and every allegation of paragraph 124, except refers to the Complaint for a full and complete recitation of the contents thereof.

125.  Denies each and every allegation of paragraph 125, except refers to the Complaint for a full and complete recitation of the contents thereof.

126.  To the extent the allegations of paragraph 126 are deemed to be allegations of law, plaintiff is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, admits that plaintiff has asserted the claims set forth in the Complaint against all defendants.

127.  Denies each and every allegation of paragraph 127.

DWT 13347728v1 0062258-000006

128. To the extent the allegations of paragraph 128 are deemed to be allegations of law, plaintiff is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each every allegation thereof.

129. To the extent the allegations of paragraph 129 are deemed to be allegations of law, plaintiff is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each every allegation thereof.

130. To the extent the allegations of paragraph 130 are deemed to be allegations of law, plaintiff is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each every allegation thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

131. The Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

132. The Counterclaim is moot because the alleged controversy underlying the request for declaratory judgment is already before the jurisdiction of this Court.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

133. This court lacks subject matter jurisdiction over the Counterclaim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

134. By way of defense, plaintiff repeats and reincorporates by reference herein, his Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

135. The Counterclaim does not plead an actual case or controversy.

DWT 13347728v1 0062258-000006

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

136.    By pleading the Counterclaim, Counter-Defendants do not succeed in shifting any burden of proof applicable to any of the claims in either the Complaint or the Counterclaim.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

137.    Counter-Defendants have unclean hands and, as such, cannot invoke the jurisdiction of this court sitting in equity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

138.    To the extent the Counterclaim pleads "economic and irreparable harm" to Counter-Defendants, any such claim would be issue-precluded.

WHEREFORE, plaintiff respectfully requests that this Court dismiss the Counterclaim in its entirety, with prejudice, and award plaintiff all of the remedies sought in the Complaint, and for such other and further relief as this Court shall seem just and proper.

Dated: New York, New York
       September 14, 2009

DAVIS WRIGHT TREMAINE LLP

By:    *Marcia B. Paul*
       Marcia B. Paul (MBP 8427)
       Kevan D. Choset (KC 7319)

       1633 Broadway
       New York, New York 10019
       (212) 489-8230

       *Attorneys for Plaintiff J.D. Salinger*

DWT 13347728v1 0062258-000006